LEWIS H. BAILEY, as Executor, etc., Appellant, *v.* THOMAS H. BAILEY et al., Respondents.

The will of B. devised his residuary real estate to his executor in trust, to receive the rents and income, to divide the same into four parts, and pay each of said parts to beneficiaries named during the lives of two persons designated, who were strangers to the trust. *Held*, that there was no unlawful suspension of the power of alienation; and that the trust was valid.

*Downing* v. *Marshall* (23 N. Y. 366), distinguished and limited.

By a previous clause in the will the testator devised to his wife, in lieu of dower, the use and income of a house and lot during life, and upon her death, it was declared that the same should become part of the residuary estate. *Held*, that there was no unlawful suspension of the power of alienation as to this portion of the real estate; also, that upon the refusal of the widow to accept the devise, the provision became inoperative.

(Argued February 6, 1884; decided December 2, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 9, 1884, which affirmed a judgment entered upon the report of a referee.

This action was brought to obtain a judicial construction of the will of Benjamin Bailey, deceased.

The provisions of the will in question and the material facts are stated in the opinion.

*Calvin Frost* for Lewis H. Bailey, executor, etc., appellant. Conceding that the trust which the testator attempted, by the sixth clause of his will, to create for the disposition of the rents and profits of his real estate, during the lives therein mentioned, is void as an express trust, the provisions of that clause may be, and should be, if necessary to effectuate the intention of the testator, executed as a power in trust. (*Downing* v. *Marshall*, 23 N. Y. 366; 1 Abb. Ct. App. Dec. 530; *Rogers* v. *Rogers*, 4 Johns. Ch. 388; *Tucker* v. *Tucker*, 1 Seld. 408; *Post* v. *Hover*, 33 N. Y. 599; *Crittenden* v. *Fairchild*, 41 id. 592; *Hermans* v. *Robertson*, 64 id. 341; *Lang* v. *Ropke*,

5 Sandf. S. C. 363.) The direction to divide the rents among such persons is a gift of the same to them. ( *Wells* v. *Wells*, 88 N. Y. 331.) A devise of rents is equivalent to a devise of the land itself, and will be for life, or in fee, according to the limitation expressed in the devise. (3 Wash. on Real Prop. 450 ; 2 Jarm. on Wills, 534 ; *Reed* v. *Reed*, 9 Mass. 372 ; *Blanchard* v. *Brooks*, 12 Pick. 46 ; *Blanchard* v. *Blanchard*, 1 Allen, 525 ; *Fox* v. *Phelps*, 17 Wend. 402 ; *Monarque* v. *Monarque*, 80 N. Y. 324 ; 1 Bradf. 270 ; *Craig* v. *Craig*, 3 Barb. Ch. 76 ; 4 Kent [8th ed.], 603.) The devise of rents and profits is not affected by being connected with an invalid trust. ( *Kilpatrick* v. *Johnson*, 15 N. Y. 324 ; *Williams* v. *Williams*, 4 Seld. 538 ; *Everitt* v. *Everitt*, 29 N. Y. 81 ; *Tucker* v. *Tucker*, 1 Seld. 420 ; *Gilman* v. *Reddington*, 24 N. Y. 16.) The beneficiaries named in the sixth clause are entitled to the possession of the lands, out of which the rents and profits will issue, being also entitled to such rents and profits. (1 R. S. 727, 728, §§ 47, 49.) The estate devised by the seventh clause of the will is an expectant estate. (1 R. S. 722, 723, §§ 7, 8, 9 and 10 ; *Lawrence* v. *Bayard*, 7 Paige, 76.) The persons presumptively entitled to the next eventual estate are those to whom the property is devised by the seventh clause. ( *Robinson* v. *Robinson*, 6 Lans. 167 ; *Grant* v. *Grant*, 3 Redf. 283 ; *Van Emburq* v. *Ackerman*, id. 499 ; *Phelps* v. *Pond*, 23 N. Y. 83 ; *Embury* v. *Sheldon*, 68 id. 227.) The devise of the house and lot mentioned in the fifth clause of the will was valid. There was no suspense of the absolute power of alienation for more than two lives in being, at the creation of the estate under 1 R. S. 723, §§ 14, 15. The gift of the use and income was equivalent to a devise of the land itself ; the legal title for the life of the widow ; and she was entitled to the possession. (3 Wash. on Real Property, 450 ; 2 Jarman on Wills, 534 ; *Reed* v. *Reed*, 9 Mass. 372 ; *Blanchard* v. *Blanchard*, 1 Allen, 525 ; *Fox* v. *Phelps*, 17 Wend. 402 ; 1 Bradf. 270 ; *Craig* v. *Craig*, 3 Barb. Ch. 76.) The estate in the house and lot was vested in the persons named in the seventh clause of the will, and by virtue thereof immediately on the death of

the testator, under 1 R. S., 753, § 13, being a future expectant estate (id., §§ 8, 9), they could convey the fee. (*Gilman* v. *Redington*, 24 N. Y. 75 ; *Livingston* v. *Green*, 52 id, 118 ; *Hopkins* v. *Hopkins*, 1 Hun, 352.)   There were persons in being, at the death of the testator, who could convey an " absolute fee in possession "; the widow who had a life estate and was entitled to possession, and who could alienate her interest. (*Emmons* v. *Cairns*, 3 Barb. 243.)   The share of Ward H. Bailey, who died before the death of the testator, did not lapse and descend to the heirs at law and next of kin of the latter. (*Jones* v. *Mitchell*, 1 Sim. & Stu. 290 ; *Van Kleeck* v. *Dutch Church*, 20 Wend. 473 ; 4 Kent [8th ed.], 610.)   The will, by express terms, disposes of all the real estate of the testator and devises it to the residuary devisees.    (*Youngs* v. *Youngs*, 45 N. Y. 254 ; *McNaughton* v. *McNaughton*, 34 id. 201 ; *Hillis* v. *Hillis*, 16 Hun, 79; *Bowers* v. *Smith*, 10 Paige, 193.) The devise to Ward H. Bailey, as he was dead at the time the will spoke, at the death of the testator, was not a lapsed, but a void devise. (*Leynes* v. *Townsend*, 33 N. Y. 561.) The effect of a gift of the residue of a residue relates generally to personal property ; if it was undisposed of by the will it belonged to the next of kin, even though not mentioned in the will. (*Keever* v. *Dougherty*, 79 N. Y. 346 ; *Beekman* v. *Bonsor*, 23 id. 298.)   The residuary devisees were the principal objects of the bounty of the testator, and hence the inference is plain that he intended that they should receive all of his property, except that included in the provision for his wife and the small legacies above referred to.   (*Craig* v. *Craig*, 3 Barb. Ch. 101.)   Established rules of construction yield to the evident intention of the testator. (*Jackson's Executor* v. *Roberts*, 14 Gray, 546 ; *Hoppock* v. *Tucker*, 59 N. Y. 208 ; *Smith* v. *Curtis*, 5 Dutcher, 345 ; 2 Brightly's Dig. 1476 ; *Patterson* v. *Swallow*, 44 Penn. St. 487 ; *Thayer* v. *Wellington*, 9 Allen, 283.)   As the will is legal and valid in its whole scope and meaning, it must be upheld even if certain of the provisions as to the real estate had lapsed. ( *Van Buren* v. *Dash*, 30 N. Y. 393.)

*Samuel Hand* for respondents. The sixth clause of the will cannot be upheld as a power in trust. (*Garvey* v. *McDevitt*, 72 N. Y. 562; *Robert* v. *Corning*, 89 id. 237; *Morse* v. *Morse*, 85 id. 53; *Downing* v. *Marshall*, 23 id. 366; *Brewster* v. *Striker*, 2 id. 19; *Leggett* v. *Perkins*, 2 Comst. 297; *Leggett* v. *Hunter*, 19 N. Y. 404; *Tobias* v. *Ketchum*, 32 id. 319; *Bennett* v. *Garlock*, 79 id. 302; *Wood* v. *Wood*, 5 Paige, 596; *Vernon* v. *Vernon*, 53 N. Y. 358.) The construction of the sixth clause of the will now claimed by appellant, that a valid express trust as to real estate was created thereby, cannot be maintained. A trust " to receive the rents and profits of land and apply them to the use of any person during the life of such person or for any shorter term " (1 R. S. 728, § 55, subd. 3), to be valid, must by its terms be made dependent on the life of the beneficiary. (*Downing* v. *Marshall*, 23 N. Y. 377.) The devise of the house and lot No. 344 West Fourteenth street in the city of New York is in direct violation of the statute as to suspension of alienation. (1 R. S. 723, §§ 14, 15, 16.)

*William F. Cogswell* for Lewis H. Bailey *et al.*, respondents. While the sixth clause of the will failed to create a valid estate in trust, in respect to the real estate of the testator, it did create a valid power in trust under 1 R. S. 728, § 58. (*Lang* v. *Ropke*, 5 Sandf. 363; 4 Kent's Com. [11th ed.] 313; *Downing* v. *Marshall*, 23 N. Y. 366.) The trusts attempted to be created are valid as powers in trust so far as the beneficiaries are competent to take by devise. (*Crittenden* v. *Fairchild*, 41 N. Y. 289; *N. Y. Dry Dock Co.* v. *Stillman*, 30 id. 174; *Manice* v. *Manice*, 43 id. 303; *Tucker* v. *Tucker*, 5 id. 408; 2 Wash. on Real. Prop. 206; 1 Sudg. on Pow. 2; *Ford* v. *Belmont*, 7 Robt. 97; *Garvey* v. *McDevitt*, 72 N. Y. 556; *Roberts* v. *Corning*, 23 Hun, 302; *Fellows* v. *Heerman*, 4 Lans. 230.) An express trust can be valid as a power in trust even when it is created for a purpose not enumerated as the proper subject of an express trust. (*Lang* v. *Ropke*, 5 Sandf. 363; *Downing* v. *Marshall*, 23 N. Y. 366; *Crittenden* v. *Fair-*

*child,* 41 id. 289; *Hetzel* v. *Barker,* 69 id. 1.) The object of the legislation of this State is to assimilate the rules of law governing real and personal property and to make one harmonious code, governing both kinds of property. (*Hatton* v. *Berkard,* 92 N. Y. 295.) There is no joint tenancy of the beneficiaries under the will in this case. (*Monarque* v. *Monarque,* 80 N. Y. 320.)

*Lucien B. Chase* for Benj. H. Bailey, *et al.,* respondents. To make a trust to receive and apply the rents and profits of lands valid under the Revised Statutes, it must be limited upon the life of the beneficiary or for a shorter period. (1 R. S. 728, § 55, subd. 3; *Downing* v. *Marshall,* 23 N. Y. 366.) The void trust cannot be made a valid trust under § 58, 1 R. S. 729, by treating it as a power in trust. (2 Co. Inst. 308; Co. Litt. 272 *a ;* 4 Kent, 504; Co. Litt. 111 *b ;* 2 Bl. Com. 164; *Barwick's Case,* 5 Cow. 94 *b ;* 4 Kent, 291, Co. Litt. 237 *a,* 271 *b ;* 4 Kent, 292; Bacon's Law Tracts, 307; *Chudleigh's Case,* 1 Co. 119 *b,* 121 *a ; Burgess* v. *Wheate,* 1 W. Bl. 123, 155–6; Bacon's Law Tracts, 307, 150; 1 Pomeroy's Eq. Jur., §§ 49, 50, 55; 2 Bl. Com. 328 sq. 329; *Burgess* v. *Wheate,* 1 W. Bl. 156; 4 Kent, 330, 293, 294; 2 Wash. Real Prop. [4th ed.] 681–2; 4 Kent, 265, 295; 2 Bl. Com. 334; Co. Litt. 271 *a,* Butler's note, par. 4, 6, id., par. 7, subd. 1; *Whitlock's Case,* 8 Co. 69 *b,* 71 *a ;* 4 Kent, 328.) At common law the function of a power was no greater than the function of any other contingency, upon the happening of which an estate was to arise in defeat of a prior estate. (*Chapman* v. *Smith,* 1 Bro. C. C. 75; *Silvester* v. *Wilson,* 2 Term R. 444; *Nevil* v. *Saunders,* 1 Vern. 415; *Keine* v. *Deardon,* 8 East, 248, 262; 2 Wms. Saunders, 11, note 17; *Oates* v. *Cooke,* 3 Burr. 1684; *Doe* v. *Humphray,* 6 Ad. & E. 206.) Whenever since the statute there have been put upon any one trust duties imposed by a will, the legal title to the land forthwith vests and must vest in trust in the one charged with the trust duties. (*Newell* v. *Nichols,* 75 N. Y. 78, 86; *Garvey* v. *McDevitt,* 72 id. 556; *Bruner* v. *Meigs,* 68 id. 508; *Tobias* v. *Ketchum,* 32 id. 319; *Brewster* v. *Striker,* 2 id. 19; *Leggett* v.

*Perkins*, id. 297 ; *Thomson* v. *Thomson*, 55 How. 494 ; *Betts* v. *Betts*, 4 Abb. N. C. 317 ; *Wood* v. *Wood*, 5 Paige, 596 ; *Bennett* v. *Garlock*, 79 N. Y. 302 ; cf. 1 R. S. 729, § 56 ; *Vernon* v. *Vernon*, 54 N. Y. 351 ; *Brewster* v. *Striker*, 2 Comst. 19 ; *Craig* v. *Craig*, 3 Barb. Ch. 76 ; *Betts* v. *Betts*, 4 Abb. N. C. 317 ; cf. *Morse* v. *Morse*, 85 N. Y. 53.) The trust attempted here is an express trust for a purpose enumerated in the preceding section 55, a trust to receive and apply the rents and profits of lands. (*Leggett* v. *Perkins*, 2 N. Y. 297 ; *Vernon* v. *Vernon*, 53 id. 351 ; *Moore* v. *Hegeman*, 72 id. 376 ; *Hawley* v. *James*, 16 Wend. 61.) The trust duty to receive and apply rents and profits of lands cannot, under the statute, be carried out as a power in trust. (Bishop, First Book of Law, § 393 ; *People* v. *Corning*, 2 Comst. 9, 15.) By the sixth section of the will the testator intended to create a trust. (*Brewster* v. *Striker*, 2 Comst. 19 ; *Leggett* v. *Perkins*, id. 197 ; *Beekman* v. *Bonsor*, 23 N. Y. 298 ; *Tobias* v. *Ketchum*, 32 id. 319 ; *Vernon* v. *Vernon*, 53 id. 381.) The trust failing, it will not be upheld as a power in trust. (*Garvey* v. *McDevitt*, 72 N. Y. 556.) There being hence neither a trust nor a power in trust, the testator failed to dispose of all the "residue" of the lands, which residue accordingly vests in his heirs at law, so far as he has failed by his will to dispose of it. (2 Bl. Com. 172, 173 ; 4 Kent, 268–9 ; 2 Bl. Com. 120 ; cf. *Post* v. *Hover*, 33 N. Y. 597.) The will must show to whose use the rents and profits must be received and applied. Oral evidence cannot supply the want of description. (*Baylis* v. *Atty.-Gen.*, 2 Atk. 239 ; *Clayton* v. *Lord Nugent*, 13 M. & W. 200 ; 1 Greenl. Ev., § 300.)

MILLER, J. This case involves the construction to be placed upon various provisions of the last will and testament of Benjanim Bailey, deceased. By the fifth clause of the will, after making a bequest of certain personal property to his wife, the testator devised to her the use and income of the house and lot where he resided, No. 344 West Fourteenth street in the city of New York, and declared that " upon her death the said house and lot to become a part of the residue of my estate, and

to be disposed of as hereinafter provided." He further provided that the above bequest to his wife should be in lieu of any and all right of dower she might have in his said estate. The residue of the estate referred to in the clause of the will last cited was disposed of by subsequent provisions in the will. By the sixth paragraph the testator provided as follows : " All the rest, residue and remainder of my real and personal estate, I give, devise and bequeath unto my executor hereinafter named, in trust, nevertheless, to and for the uses and purposes following, that is to say, in trust to let and rent my real estate, and to invest and keep invested my personal property, and to collect the rents, income and interest from my said real and personal property, and after paying all charges and expenses upon or affecting the same, to divide the said rents, interest and income into four parts, and to pay one of said parts to my brother, Ward H. Bailey ; one of said parts to my sister, Roselia Banks, the wife of Hugh S. Banks ; one of said parts to my brother, Lewis H. Bailey, and the other of said parts to my nephew, William B. Hobby, and my nieces, Anna Leila Hobby and Sarah B. Hobby, during the natural life of Thomas Bailey, son of my brother Joseph H. Bailey, and Webster Mabie, son of Moses T. Mabie, of Buffalo, N. Y." This clause disposes of the rest, residue and remainder of the testator's estate to his executors in trust, and then defines the terms and conditions upon which and the purposes for which the trust is created. These are to rent the real estate, to invest and keep invested the personal property, and to collect the rents and income arising from the real and personal property, and to divide the same and pay over the several parts, as provided, during the natural lives of the two persons named in the will. Only two lives are designated, and hence it would seem that there was no limitation beyond this. If these two lives should terminate before the life of the beneficiary, the trust is for a shorter term than such life, and if the life of the beneficiary terminates before the lives limiting the trust, then it is only for a single life. In either contingency the limitation is not beyond two lives, and it follows that the trust is valid as not suspending the power of

alienation beyond two lives and as continuing only during the life of the *beneficiary* or for a shorter term.

So far it would seem that there is no difficulty in holding that the trust was valid and not in contravention of the statute limiting trusts.  It is conceded to be valid as to the personal estate, and if we are right in our construction of the sixth clause, it is equally so as to the real estate.

Upon the argument here, as well as in the court below, the concession appears to have been made that the sixth clause of the will cited did not contain a valid estate in trust upon the authority of the opinion of COMSTOCK, J., in the case of *Downing* v. *Marshall* (23 N. Y. 366).  It is there laid down that although trusts to receive and apply rents and profits may be created under the statute of uses and trusts, the one in question in that case was not constituted in the manner which that statute prescribes.  It was there stated, after citing the statute, that "the trust must, therefore, be made dependent on the life of the beneficiary."  The beneficiaries there were associations, incorporated or unincorporated, and it was determined upon the ground that, admitting the trust to receive the rents and profits was void, the purposes of the will could be worked out under the power given to sell and pay over the proceeds, and hence it is not an authority upon the question considered.

We do not concur in the view expressed by the learned judge as to the construction of the statute cited, and upon a careful examination of the same we are of the opinion that the limitation provided is a limitation of time and not a personal one.  We think that a correct interpretation of the same authorizes the naming of the lives of strangers as well as beneficiaries as the limitation of the devise.  No reason exists why the lives named in a devise of this character should be confined to those who are interested in the estate, and it was the evident purpose of the statutes to confer upon the testator the power to fix such lives as he chose to designate within its terms.  This is very manifest upon examination of the various provisions relating to the subject.  Under the statute relating to uses and trusts an express trust may be created, " to receive the

rents and profits of land and apply them to the use of any person during the life of such person or for a shorter term, subject to the rules prescribed in the first article of this title ". (1 R. S. 728, § 55, subd. 3). Among the rules referred to is that contained in a previous provision of the statute (1 R. S. 723, § 15), which declares that "the absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate." These two statutes must be considered and read in connection with each other in giving an interpretation to their meaning. The first (§ 55) provides for a trust for the use of a person during the life of such person or a less period, and the second (§ 15) limits the time during which the trust may be held. In the former, nothing is said about beneficiaries, and, standing alone, it is not apparent that the limitation is confined to their lives. The latter section alone contains the limitation, and it is not restricted to any class of lives and embraces any lives upon which the trust created is limited. To bring a case within the rule provided for it is not required, we think, that the lives during which the power of alienation is suspended should be those of beneficiaries, and if the estate may be alienated absolutely at the expiration of any two lives in being at the time of its creation, the provision is complied with. To illustrate, if a trust is created to receive rents and profits and apply them to the use of four joint lives, upon the death of either, then to the use of the survivors and so on until the death of the last survivor, the trust in the case of each beneficiary is simply during his life, or for a shorter period, that is, as to the share to which he is entitled at the outset it is during his life. If he survives either of the other beneficiaries then he has an additional portion during the remainder of his life. But the trust would be void as it would suspend the power of alienation for more than two lives. If, however, a condition be added to the trust that in any event it shall terminate upon the death of two persons who are strangers to the trust, then the rule referred to is complied with. In that case in no event

can the power of alienation be suspended beyond these two specified lives. Upon the death of the survivor of the two strangers named, although all the beneficiaries be living, the trust estate terminates. The trust then, while it can only exist during the lives of the two strangers, is also for the life of each beneficiary subject to be terminated by the death of the lives named during his or her life. Its continuance is not dependent upon the lives of the beneficiaries but upon the lives of strangers. When they are ended the two lives named have passed away and the limitation ceases. The fact that a number of persons are to be benefited under the trust during the lives of the strangers named does not create a trust beyond two lives in being contrary to the statute. It follows that the limitation contained in the sixth clause of the testator's will was not a violation of the statute, and that the provisions therein were valid, and the same should be upheld.

Since the foregoing was written the cases of *Crooke* v. *County of Kings,* and *Crooke* v. *Prince,** which were first argued before this court in the month of June, 1883, have been heard upon a re-argument. These cases involved the construction of the provisions of a will where a trust was created which depended upon the life of a stranger named therein. No question was made on the argument that the provision referred to was invalid upon the ground that the trust created depended upon the life of a person who was not a beneficiary, and a re-argument was ordered upon another and a different question. Upon the last argument, however, the question now considered, which was previously overlooked, was fully presented and the court arrived at the conclusion that a trust, of the character referred to, was valid, and not in violation of the statute. The subject is fully considered in the opinion of the court by FINCH, J., and it disposes of the question presented in the case at bar. As that authority is directly in point it is decisive in this case.

The testator, to carry out his purpose and make a disposition of his estate after the expiration of the two lives named in the sixth clause, upon which the trust was limited by the seventh

---

\* *Ante,* p. 421.

clause of his will, provided as follows: " Upon the death of said Thomas Bailey and Webster Mabie I give, devise and bequeath the whole of my real and personal property, together with the house and lot No. 344 West Fourteenth street, after the death of my said wife, as follows, viz.: One-fourth part thereof to my brother, Ward H. Bailey, and to his heirs and assigns forever; one-fourth part thereof to my sister, Roselia Banks, and to her heirs and assigns forever; one-fourth part thereof to my brother, Lewis H. Bailey, and to his heirs and assigns forever, and one-fourth part thereof to my nephew, William B. Hobby, and my nieces, Anna Leila Hobby and Sarah B. Hobby, and to their heirs and assigns forever." This clause, upon the termination of the two lives named, disposes of the whole of the residue, including the house and lot devised to his wife for life, upon her decease, and we thus have a complete and perfect disposition of the testator's property.

In regard to the devise of the house and lot we think there was no illegal suspension of the power of alienation. By the fifth clause of the will the use and income of the house and lot were given and devised to the testator's wife during her natural life, and at her death the house and lot became part of the residuum which was disposed of as afterward provided in the will. No trust was created during the life of the wife and she had the absolute right to dispose of her interest in the house and lot during that period. The power of alienation is, therefore, not suspended during her life. While she had the right to enjoy the use and income of it, she also had the right to sell her interest in the same if she so wished, and upon her death it passed, under the sixth clause, to the executor, in trust during the lives named, and, upon their termination, as provided in the seventh clause of the will.

It is insisted that the title to the house and lot did not vest until the death of three persons, the widow, Thomas Bailey and Webster Mabie, and hence there was an illegal suspension of the power of alienation, and the devise was void. The gift of the use and income was equivalent to a devise of the land itself during the life of the widow, and she had a legal title and

was entitled to possession of the same. (3 Washb. on Real Prop. 450; 2 Jarman on Wills, 534; *Monarque* v. *Monarque,* 80 N. Y. 324; *Craig* v. *Craig,* 3 Barb. Ch. 76.)

Under the circumstances the estate devised to the widow was a life estate and was transferable, not being within the provisions of 1 R. S. 729, § 63. The fee in the house and lot was vested in the persons named in the seventh clause of the will and being a future expectant estate upon the death of the testator, they could immediately convey the fee. (1 R. S. 723, §§ 8, 9 and 13.)

It should be remarked that the widow, to whom the devise of the house and lot was in lieu of dower, refused to accept the same, and they thus passed into the hands of the executor and trustees with the rest of the estate devised by the sixth clause of the will. She having thus elected to take her dower, this provision was of no avail and it must be considered as if it never had been made, and the house and lot became a part of the residuary estate from the beginning and the devise was not liable to the objection that the power of alienation was restrained during the life of the widow.

The remaining question relates to the disposition to be made of the share devised to Ward H. Bailey, who died prior to the decease of the testator. No appeal was taken from that part of the decree which provided that the said share lapsed by reason of such death, and that the testator died intestate in respect thereto, nor from the provisions in regard to the distribution of the personal estate which by the sixth clause of the will was to be applied to the benefit of Ward H. Bailey; nor was any exception taken to the conclusions of law of the referee in reference to this branch of the case. We are not, therefore, at liberty to review the question raised in regard to the same, and, as the case is presented upon the record before us, we think that the difficulty cannot be obviated. As the point urged is not available, the decree, so far as it is not appealed from, cannot be disturbed and must be affirmed.

As the referee erred upon the trial for the reasons stated, the

judgment entered upon his report should be modified in conformity with the views expressed. The case presents difficult questions which were a fair subject for litigation, and the costs of all the parties should be paid out of the estate.

All concur. (RAPALLO, J., on authority of decision in *Crooke* v. *County of Kings, ante*, p. 421.)

Judgment accordingly.