HENDERSON v. MERRITT.

(Supreme Court, Appellate Division, Second Department.    November 20, 1896.)

1. WILLS—SUSPENDING POWER OF ALIENATION.
   The power of alienation is not suspended by a devise to testator's widow, which is to become operative when testator's son reaches a certain age, where the rents and profits in the meantime are also given to the widow.

2. SAME—CONFLICTING DEVISES.
   A devise of an entire tract of land is subject to a previous devise in the same will of a part of such tract.

Appeal from special term, Westchester county.

Action by Mary G. Henderson against Emily Merritt to compel the determination of a claim to real estate.    There was a judgment in favor of defendant, and plaintiff appeals.    Affirmed.

Argued before BROWN, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

John H. Clapp, for appellant.

Wilson Brown, Jr., for respondent.

CULLEN, J.    This is an action to compel the determination of a claim to real property.    The plaintiff and defendant both claim title under the will of Clark S. Merritt, deceased.    The plaintiff is his granddaughter, being the daughter of the testator's daughter Hannah Matilda, and the defendant is his widow.    The material parts of the will are as follows:

"I also direct that my wife be at liberty to occupy the present apartments over my store for a dwelling until my son Clark shall become twenty-one years of age, and receive all the rents of my other real estate and the yearly interest of all my money, except as such rents and interest shall be modified by bequest here'nafter made, in consideration of which she is to afford a home for all my children until each shall become twenty-one years of age, and support, free of charge, as well as suitable clothing.

"I give and devise unto my wife, Emily, the house and store which I now occupy, together with twenty feet from the south end of the lot occupied by Mrs. Miner, with a right of way thereto as at present used; this bequest to become operative when my son Clark shall attain the age of twenty-one years, subject, however, and this bequest is expressly charged with the payment of five hundred dollars to my son Clark when he shall attain the age of twenty-one years. * * *

"I give and devise unto my daughter Hannah Matilda the Miner place for the term of her natural life, and on her decease to her heirs, forever.    This devise is to take effect when she shall attain the age of twenty-one years."

The premises in dispute are the tract of 20 feet at the south end of the Miner lot.

The appellant first objects to the recovery below, that the devise to the testator's widow unlawfully suspends the power of alienation, and is void.    I confess that I have no very clear conception of the idea of the testator in the clause of the will secondly quoted; but it is not necessary that I should have.    His intent in one contingency is unquestionable.    On his son Clark reaching the age of 21 years, the devise to the widow was absolute.    This is the contingency that has occurred.    It is only requisite to ascertain the intention of the testator in other contingencies that might have happened for the purpose of determining whether such intention would render the

devise void. If no reasonable interpretation would invalidate the devise, it is immaterial which of several was his real intention. I can discover none that suspends the power of alienation for any period. The devise to the wife of the rents and profits until Clark .arrived at age vested in her a legal title. It was at all times alien-.able by her. Bailey v. Bailey, 97 N. Y. 460. If the devise of the fee when Clark became of age was vested, and not subject to be divested by the death of Clark before that time (as I think was the ·case), this remainder was also always alienable by the widow. If the devise was to be contingent on Clark's reaching full age, or sub-.ject to be divested by his death before that time, then the remainder in that contingency descended to the testator's heirs at law. They and the widow, acting together, could at any time after the testa-tor's death convey an absolute title. The devise was therefore good.

The next claim of the appellant is that the devise to ·the widow and that to the testator's daughter Hannah Matilda are repugnant, and that hence, under the well-established rule in cases of repug-nancy, the latter devise in the will must prevail. "But the rule· which sacrifices the former of several contradictory clauses is never applied, but on the failure of every attempt to give the whole such a construction as will render every part of it effective." 1 Jarm. Wills, 475. To same effect, see 1 Redf. Wills, 448. We think the two devises are not irreconcilable. The first clause is of 20 feet of the Miner place. The second is of the Miner place. Ordinarily, the designation of a tract or farm or plot includes the whole of the plot, and the use of the term in any other sense is not strictly ac-curate. But the question is not of accuracy of diction, but of the intent of the testator. When he devises to one person a part of a tract, and then to another person the tract, it is apparent that in the latter devise he intends to give only the part of the tract previ-ously undisposed of,—the tract reduced or restricted by the previous devise. This seems to me so clear as to forbid elaboration, and is justified by authority. In Holdfast v. Pardoe, 2 W. Bl. 974, the tes-tator devised to Elizabeth Hitchcock her farm in the possession of Charles Bocock, and subsequently in the will devised all her lands in Lowlayton marsh to the children of her uncle, Henry Moore. Part of the Bocock farm lay in Lowlayton marsh. It was held that the devises were not repugnant, and that Elizabeth Hitchcock took the part of the Bocock farm which lay in Lowlayton marsh. This case is stronger than the one now before us.

The judgment appealed from should be affirmed, with costs. All concur.