ELIZA BIRD et al., Respondents, *v.* SAMUEL PICKFORD et al., as Executors, etc., Appellants.

The will of B. gave his residuary estate to his executors in trust to divide the net income equally between a daughter-in-law and two cousins of the testator, "the survivor or survivors of them during their natural lives" In case the cousins died before the daughter-in-law "the *corpus* of said trust estate" was given to the latter; if she died before the cousins it was given to the person or persons she should designate by will. In an action for the construction of the will, *held*, that these provisions did not violate the statute against perpetuities, and were valid, as in no event could the estate be tied up longer than during the lives of the two cousins.

*Bird* v. *Pickford* (71 Hun, 142), reversed.

(Argued December 20, 1893; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made August 5, 1893, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John R. Tresidder* for appellants. The duration of the trust is limited to two lives in being at the death of the testator, namely, those of Rachel and Addie Van Gilder, and upon their death the trust must terminate absolutely in every possible contingency. (*Crooke* v. *County of Kings*, 97 N. Y. 421; *Bailey* v. *Bailey*, 97 id. 460; *Tilden* v. *Green*, 130 id. 29; *Loughneed* v. *D. B. Church*, 129 id. 211–215; *Townsend* v. *Fromme*, 125 id. 446–455; *In re McGraw*, 111 id. 66–110; *Nellis* v. *Nellis*, 99 id. 505–512; *Gilman* v. *Redding-ton*, 24 id. 1–15.)

*Jehiel T. Hurd* for respondents. A trust is created by the residuary clause during the lives of three persons in being at the death of the testator. (*Moore* v. *Hegeman*, 72 N. Y. 24; *Vernon* v. *Vernon*, 53 id. 359; *Delafield* v. *Shipman*, 103 id.

463; *Ward* v. *Ward*, 105 id. 68; *Robert* v. *Corning*, 89 id. 285.) The trust is invalid because it may suspend the absolute ownership of personal property for more than two lives in being. (*Shipman* v. *Rollins*, 98 N. Y. 330; *Colton* v. *Fox*, 67 id. 348; *Underwood* v. *Curtis*, 127 id. 537; *Fowler* v. *Ingersoll*, Id. 472.) Mere possibility that the estate will be tied up beyond the time permitted by the statute is sufficient to condemn the provision. (*Smith* v. *Edwards*, 88 N. Y. 104; *Hawley* v. *James*, 16 Wend. 121; *Haynes* v. *Sherman*, 117 N. Y. 437.) The estate was and is inalienable by virtue of said trust, and is likely to continue so during the three lives mentioned. (*Cruikshank* v. *Chase*, 113 N. Y. 337; *Hobson* v. *Hale*, 95 id. 610.) Thus far we have considered the situation largely on the assumption that Ophelia would die intestate or leaving an invalid will, but the unlawful suspension likewise follows if she had made a will. (1 R. S. 727, §§ 60, 61; *Crooke* v. *County of Kings*, 97 N. Y. 421.) The claims made by the defendants to relieve this trust from the statute are untenable. (*Knox* v. *Jones*, 47 N. Y. 398; *Ward* v. *Ward*, 105 id. 75; *Colton* v. *Fox*, 67 id. 352; *Vanderpoel* v. *Loew*, 112 id. 177; *Post* v. *Rohrbach*, 142 Ill. 600.) The court must construe the will according to the intent as gathered from the language. It will not, to sustain a will, make a new one. (*Phillips* v. *Davis*, 92 N. Y. 204; *Newell* v. *People*, 7 id. 97; *Cottman* v. *Grace*, 112 id. 299.) The court had jurisdiction. (*Wager* v. *Wager*, 89 N. Y. 161.)

EARL, J. This action was commenced for the construction of two clauses in the will of William Baltz, deceased. The clauses are as follows:

" *Thirdly.* I give and devise all the rest of my estate, real and personal, to my executors hereinafter named, in trust nevertheless to invest and keep the same invested and divide the net income arising therefrom equally among my said daughter-in-law, Ophelioe Baltz, and my said cousins, Rachel and Addie Van Gilder, the survivors or survivor of them during their natural lives.

"*Fourthly.* If my said cousins, Rachel and Addie Van Gilder, should die before my said daughter-in-law, Ophelioe Baltz, then, and in that event, I give and devise the *corpus* of said trust estate to the said Ophelioe Baltz, her heirs and assigns forever; but if my said daughter-in-law, Ophelioe Baltz, should die before my said cousins, Rachel and Addie Van Gilder, then, and in that event, I give and devise the *corpus* of said trust estate to such person or persons as my said daughter-in-law, Ophelioe Baltz, may designate in her last will and testament."

The plaintiffs, who are the heirs and next of kin of the testator, claim that these clauses violate the statute against perpetuities, and are, therefore, void. The Special Term held that they are valid and the General Term that they are void. We agree with the Special Term.

The first of the two clauses vests the *corpus* of the trust estate in the trustees and creates a trust for the three beneficiaries named. Standing alone, that clause would suspend the absolute ownership of personal property, and the absolute power of alienation of real property for more than two lives in being, and would, therefore, be void. But it must be construed in connection with the succeeding clause, and there it is plainly provided that the trust shall not survive the lives of the two cousins. If they die before Mrs. Baltz then the trust is to cease and the *corpus* of the estate is to go to her absolutely. If she dies before them, then the *corpus* of the trust estate is to go to such persons as she may designate in her will. In that event the trust terminates at her death, and it has not lasted for the full term of the lives of the two cousins. But suppose she dies intestate or without making any appointment of the estate by will, then one of two things will happen; either the *corpus* of the estate will pass absolutely to the heirs and next of kin of the testator, or it will pass to them subject to the trust for the lives of the two cousins. So it is clear that in no event can the estate be tied up longer than during the lives of the two cousins, and hence there is no illegal suspension of the ownership or the power of alienation. It is not

sufficient to condemn these clauses that the absolute power of ownership and of alienation may be suspended for three lives or for many lives, provided that such suspension be bounded by two designated lives in being at the death of the testator. (*Crooke* v. *County of Kings*, 97 N. Y. 421; *Bailey* v. *Bailey*, Id. 460.)

The judgment of the General Term should, therefore, be reversed, and that of the Special Term affirmed, with costs of the appeals to the General Term and to this court to be paid by the plaintiffs to the defendants.

All concur, except Bartlett, J., not sitting.

Judgment reversed.