(49 Misc. Rep. 194)

## In re BRUCHAESER'S ESTATE.

### (Surrogate's Court, Kings County. January, 1906.)

**1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING.**

The surrogate on the settlement of the accounts of an executor or trustee can pass on any questions necessarily involved, whether they relate to personalty or real estate.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2003–2005.]

**2. CONVERSION—REALTY AND PERSONALTY.**

Where testator's entire estate is given in trust to pay the income to his wife for life, and the trustee is given power of sale on her death, the proceeds of sale to be invested until the death of testator's daughter, and on her death divided with such other real and personal estate as may then exist between the issue of the daughter, and in case of her death without issue or on the death of such issue under 21 years then the property to be divided between his brothers and sisters, the issue of any such brother or sister to take the share of the deceased parent, no equitable conversion of the real estate is effected; the directions for sale not being mandatory.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Conversion, § 38.]

**3. PERPETUITIES—TESTAMENTARY TRUSTS.**

Where testator bequeaths his property in trust, the income to be paid to his widow during life, and on her death the income to be paid to his daughter, and on the death of said daughter without children the property to be divided between the brothers and sisters of the deceased, but if she should die leaving children the property to be divided when such children become of age, the probability is that the trust will be measured by more than two lives in being, and is void as against the statute of perpetuities.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Perpetuities, §§ 45–55.]

In the matter of the settlement of the estate of Valentin Bruchaeser, deceased. Judgment entered.

Emil Schneeloch, special guardian.

Mortimer S. Brown, for trustees.

E. K. Van Beuren, for contestant.

CHURCH, S. The sole question arising upon this accounting is the construction to be given to certain provisions of the will of the deceased.

The deceased left at the time of his death a widow, Margaretha, a daughter, Mary Elizabeth, who was married to one Julius C. Jagel, and three grandchildren, the children of said Mary E. Jagel. After making several minor provisions, he gives all of his estate to his executor, in trust to apply the entire income therefrom to the use of his wife, Margaretha, during her lifetime. On the death of his wife he provides that a further trust should be created in regard to his estate, and, as this provision is the subject of dispute, it will be set forth in full:

"Seventh. After the death of my said wife, I empower my said trustee, if he thinks it beneficial to the interests of my estate, to sell and dispose of my said real estate at public or private sale, as in his judgment he may see

fit, and to give good and sufficient deeds in the law for the same, and the moneys arising from such sale or sales are estate in the State of New York and that the said moneys are to be invested and held by him as said trustee until the death of my daughter Mary Elizabeth Jagel, and then, upon her death, to divide the same and such other real and personal estate as may then exist, between the issue of my said daughter by her present husband and I hereby appoint John D. Topp as testamentary guardian of any of said children who may be minors upon the death of my said daughter. In case of the death of my said daughter leaving no issue her surviving by her present husband Julius C. Jagel, or in case of all of such issue should die, under the age of twenty-one years, then and in that case all of my said property whether real or personal, I give, bequeath, and devise to my brothers and sisters, share and share alike. In case of the death of any one of them then their issue to take the share that the parent would have taken if living."

There was, following this, a provision empowering the trustee to apply so much of the income as might be necessary for the maintenance and education of the issue of his said daughter. The widow of the deceased having died, the trustee presents his accounts for judicial settlement, and upon such settlement the daughter, Mary Elizabeth Jagel, contends that the trust attempted to be created after the death of the widow is not a valid one, and alleges, therefore, that all of the property passed to her. The trustee, on the other hand, contends that it is a valid trust to be held by him during the lifetime of said contestant, Mary Elizabeth Jagel.

At the very threshold of the matter, the trustee contends that the Surrogate's Court has no jurisdiction to pass upon this question, as it involves the construction of a will in which real estate is concerned. It is undoubtedly true that, upon the probate of a will, the surrogate has no power to construe such provisions of the same as affect the disposition of realty. But, upon the judicial settlement of the accounts of an executor or trustee, the surrogate has full power to pass upon all questions that are necessarily involved in such accounting, whether they refer to real estate or are simply confined to personalty. The authorities referred to by the counsel for the trustee pertain exclusively to the surrogate's jurisdiction in probate matters.

Passing, therefore, to the question of the construction of the will under consideration, the first proposition is the contention of the contestant that, under the provisions of the seventh clause of such will, as above set forth in full, the testator intended to create an equitable conversion of his estate. In the consideration of this question, we must appreciate that the distinctive requisite necessary to create an equitable conversion of an estate is that the power of sale which is reposed in the executor or trustee is a compulsory one, and must be exercised by such executor or trustee, and that, while the time of the exercise of such power may be left to his discretion, the fact that he must so execute it is not left open. It is, of course, not necessary that such a direction shall be perfectly explicit, and it will be held, at times, that an equitable conversion is effected, although it can only be determined by implication from the general term of the instrument. Some of the language of the seventh clause undoubtedly gives color to the claim that an equitable conversion has been effected. But, upon the other hand, it will be noticed that the testator has, in no instance, required that the trustee shall dispose of such real estate. On the contrary, however, it is apparent that the testator contemplated the possibility of there being

real estate undisposed of at the termination of such trust, as shown by his direction to the trustee to divide the proceeds of such real estate as was unsold, and also "such other real and personal estate as may then exist."

The question being determined, the remaining question is whether the provisions of the will offend against the statutes limiting the suspension of the power of alienation. Ostensibly the trusts created simply suspend the power of alienation during the lifetime of the widow, and the said daughter, Mary E. Jagel; and if the provision of the seventh paragraph regarding the division of the trust fund upon the death of said daughter, Mary E. Jagel, had not been interfered with, then such provisions would have been complete. But it will be observed that, further on in such paragraph, the direction to divide the estate upon the death of said Mary E. Jagel is limited by the provision that, in case all of such children should die under the age of 21 years, the property is to be divided between the brothers and sisters of the deceased. In consequence of this provision, the duration of such trust is not measured solely by the life of Mary E. Jagel, except the children should die previous to her death. If she died and left children under the age of 21 years, such estate could not be divided, but the trust must continue until either some one of such children should reach the age of 21 years or they all died previous to that period. There is, therefore, the probability that this trust would really be measured by five lives in being rather than by two lives in being as limited by the statute.

The cases quoted by the counsel for the trustee do not any of them discuss a situation such as has arisen in the case under consideration. They are, each of them, an illustration of the general principle and as such are valuable; but in none of them is there an intimation that such a condition of affairs as here exists can be regarded as not violating the statute in question. The only one of the cases which at all approximates the condition here disclosed is that of Bird v. Pickford, 141 N. Y. 18, 35 N. E. 938. But a careful examination of that case will reveal the fact that while, in the first instance, the document read as if it was to cover the lives of three persons in being, by the subsequent paragraphs in the will it depended only upon the lives of two persons, as it provided that, in the event of two of them being dead before the third then the third took the estate absolutely, whereas, if the third should die before the other two, then the trust should also cease.

The provisions in question, therefore, being illegal and improper, the trust has ceased to exist, and Mary E. Jagel is entitled to the entire corpus of the estate.

Decreed accordingly.