KAHN et al. v. TIERNEY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. TRUSTS (§ 1*)—ELEMENTS.

Every trust has three separate elements, the trust property, trust objects, and trust term; the first relating to the property subjected to the trust, the second to those for whose benefit it may be created, and the third to the time during which it may continue.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 8, pp. 7119–7124; vol. 8, p. 7822.]

2. PERPETUITIES (§ 6*)—SCOPE OF STATUTE.

The statute against perpetuities, in respect to trust property, relates only to the duration of a trust, or the lawful suspension of the power of alienation.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 49–55; Dec. Dig. § 6.*]

3. PERPETUITIES (§ 6*)—RESTRAINT OF ALIENATION.

3 Cummings & G. Gen. Laws, p. 3274, § 32, provides that no trust in real property can be created for a longer period than during not more than two lives in being at the creation of the estate. 2 Cummings & G. Gen. Laws, p. 2665, § 2, provides that the absolute ownership of personal property shall not be suspended by any limitation or condition for a longer period than during not more than two lives in being at the date of the instrument containing such limitation or condition, or, in case of a will, for not more than two lives in being at the testator's death. *Held*, that it is no objection to the validity of a trust that it is for a fixed and definite period, provided that the period must terminate within two lives.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 49; Dec. Dig. § 6.*]

4. PERPETUITIES (§ 6*)—RESTRAINT OF ALIENATION.

It is not necessary that any of the beneficiaries of a trust should be identical with those whose lives measure the duration of the trust term, but such lives may be those of total strangers to the trust objects.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 49; Dec. Dig. § 6.*]

5. TRUSTS (§ 60*)—TERMINATION—ACCOMPLISHMENT OF PURPOSE.

No trust can survive the purpose of its creation, and when that is accomplished it must, of necessity, terminate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 82; Dec. Dig. § 60.*]

6. WILLS (§ 439*)—CONSTRUCTION—INTENTION OF TESTATOR.

In construing a will, the intent of testator must be discovered and, if possible, given effect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955; Dec. Dig. § 439.*]

7. WILLS (§ 446*)—CONSTRUCTION—WILLS SUSCEPTIBLE OF TWO CONSTRUCTIONS.

If a will is susceptible of two interpretations, that should be adopted which will validate the provision and give effect to the disposition, rather than that which will destroy it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 962; Dec. Dig. § 446.*]

8. WILLS (§ 447*)—CONSTRUCTION—PERPETUITIES.

Testator gave all his property, except a certain house and land, in trust; the income thereof to be paid to K. for the use of her five children. As each · child should arrive at the age of 21 years, the executor should pay the child $1,000 of the principal of the estate, and the share of the principal of any child dying before attaining that age should be paid, upon the happening of that event, to her mother, and at the expiration of five years from the arrival at 21 years of age of the youngest of the children or from her death, should she die before reaching that age, the executor should pay the residue of the estate to K., if living, and, if dead, to the living heirs of her body. *Held*, that testator's intent was to provide for K.'s children until they would, in all probability, be no longer dependent upon her and to relieve her of the burden of such support during that interval, after which it was his purpose to give his entire remaining estate to K., if living, and the words, "five years from," should be limited to the immediately succeeding words, "the arriving at twenty-one years of age," and not be carried over to qualify the succeeding clause, "from her death," so that in no event could the stipulative term of the trust extend beyond the life of K. and her youngest child in violation of the statute against perpetuities.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 963; Dec. Dig. § 447.*]

9. WILLS (§ 459*)—CONSTRUCTION—CHANGING OF WORD.

In construing a will where testator's intent clearly appears, the court may change a word where it appears from the context of the will that the word was incorrectly employed in place of some other word.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 978; Dec. Dig. § 459.*]

Appeal from Special Term, Kings County.

Action by Elias Kahn and others against Michael J. Tierney, executor of Joseph L. Heymann, and others. Judgment for plaintiffs, and defendants appeal. Reversed, and complaint dismissed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

John F. Crennan (John F. Coffin, guardian ad litem for infant appellants Klein, on the brief), for appellant Tierney.

R. M. Cahoone (Frederick H. Chase, on the brief), for appellant Pauline Klein.

Louis Frankel, for respondents.

---

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. The clauses of the last will and testament of Joseph L. Heymann by which he attempts to dispose of his estate are as follows:

"Second. I give and devise my house and land known as No. 577 Henry street, Brooklyn, New York, where I now reside, to Mrs. Pauline Klein, the wife of Bernard Klein, who resides with me and has cared for me.

"Third. All the rest, residue and remainder of my estate of every name and nature and wheresoever the same may be situated, I give, devise and bequeath to my executor hereinafter named, in trust nevertheless, to invest and keep the same invested, collect the income and earnings thereof and pay the same semi-annually to the aforesaid Mrs. Pauline Klein for the use and benefit of her five children, Mignion, Corrinne, Margaret, Amy and Eveline, and as each of the said children arrives at the age of twenty-one years my said executor shall pay to her of the principal of said estate the sum of one thousand dollars, the said share of the principal of any child dying before attaining that age to be paid upon the happening of that event to her mother; and at the expiration of five years from the arriving at twenty-one years of age of the youngest of said children or from her death should she die before reaching that age, then my said executor shall pay the residue of my said estate to the said Pauline Klein, if living, and if dead, the living heirs of her body."

From a decision of the Special Term of the Supreme Court to the effect that the third clause of the will above quoted is invalid, this appeal is taken.

"Every trust has three separate elements, intertwined closely, but capable of independent consideration and treatment. These are the trust property, the trust objects, and the trust term." Crooke v. County of Kings, 97 N. Y. 421, 436. The first element relates to the property subjected to the trust, the second to those for whose benefit it may be created, and the third to the time during which it may continue. "The statute against perpetuities deals only with the third and last element, the duration of the trust, or the lawful suspension of the power of alienation." Id.

By force of the provisions of the statute, no valid trust in real property can be created "for a longer period than during the continuance of not more than two lives in being at the creation of the estate" (3 Cummings & G. Gen. Laws, p. 3274, § 32), and "the absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a will, for not more than two lives in being at the death of the testator" (2 Cummings & G. Gen. Laws, p. 2665, § 2). It may be made to terminate, however, at an earlier period, and it is no objection to the validity of such a trust that this is a fixed and definite period provided that fixed period must terminate within two lives. For instance, such fixed period may be when all three children of the testator who are infants at the date of testator's death attain the age of 21 years, provided this is within another period of duration the extreme limit of which is a life in being at the creation thereof, to wit, the testator's wife. Provost v. Provost, 70 N. Y. 141; Manice v. Manice, 43 N. Y. 303. It is not necessary that all of the beneficiaries of the trust, or even that any of them should be identical with those whose lives measure the duration of the trust term. These lives may be those of persons who are total strangers to the trust objects. Bailey

v. Bailey, 97 N. Y. 460; Crooke v. County of Kings, supra; Bird v. Pickford, 141 N. Y. 18, 35 N. E. 938; Schermerhorn v. Cutting, 131 N. Y. 48, 29 N. E. 980. No trust can survive the purpose of its creation, and when that is accomplished the trust must of necessity terminate. 3 Cummings & G. Gen. Laws, p. 3292, § 89; Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322; Manice v. Manice, 43 N. Y. 363; Burke v. O'Brien, 115 App. Div. 574, 100 N. Y. Supp. 1048. This period of duration is aptly described by Judge Finch in the Crooke Case as the "natural term," as distinguished from the "stipulated term," which is the close of the selected and designated lives. He says:

"The natural term, which is the lives of all the beneficiaries, and the stipulated term, which is the close of the selected and designated lives, may either, taken separately, work out an unlawful trust; while construed together and in combination, as they should be, they bring the trust within the requirements of the statute. The natural term alone might make the trust last beyond the lawful extent of two lives in being. The stipulated term alone might go beyond the lives of the beneficiaries, but the two combined and made elements of the trust, in its creation, effect a lawful duration, and limit the trust to the stipulated term, unless before it is reached the natural term expires, or to the natural term unless before it is reached the stipulated term expires. Unless the language of the will creating the trust imperatively forbids, where both terms are present as elements of the creation, it must be construed to run for the natural term, except as shortened by the stipulated term; or for the stipulated term, except as shortened by the natural term."

In construing the will then under consideration, the court said:

"The trust created is limited for its beneficial objects, and so for its natural term upon the nine lives of the children, which would violate the statute by an unlawful suspension; but the trouble is corrected and made harmless by the presence also of a stipulated term, the one life of the trustee, beyond which the natural term is not allowed to run, and which in turn is itself modified so that it cannot carry the trust beyond the natural term. The trust can outrun neither."

Keeping these principles in mind, and also the cardinal rule relating to the construction of wills, that the intent of the testator must be discovered and, if possible, carried into effect, and that if a will is susceptible of two interpretations that shall be adopted which will validate the provision and give effect to the disposition rather than that which will destroy it (2 Jarman on Wills, 743, rule 16), let us consider: First, what is the trust property disposed of by this will? Second, who are the trust objects? And, third, what is the trust term?

The answer to the first inquiry is not difficult. It is all of testator's property except his house and land at 577 Henry street.

The immediate objects of the trust are the five children of Pauline Klein, named by the testator. The income and earnings of the trust are to be paid by the executor named in the will to Pauline Klein "for their use and benefit." It is true that indirectly Mrs. Klein also receives a benefit, for she is relieved to that extent of any obligation, legal or moral, to provide for their support and maintenance. But, if they should all die during her life, the purpose of the trust would be accomplished, and it must of necessity terminate. Mrs. Klein could not then call upon the executor to pay over the income of the said

estate to her, for she is not entitled to use any part of such income for her own use and benefit.

The duration of the term of the trust presents a more difficult question. The lives of these five children constitute what Judge Finch has designated as the "natural term," and, if the testator's will had been that the executor should collect the "income and earnings" of his residuary estate and apply them to the use and benefit of the five children of Pauline Klein without further direction or limitation, it might well follow that, as the natural term was the only designated term, the trust would violate the statute of perpetuities. But the testator did go further. He fixed three stipulated terms. The first stipulated term was the life of Pauline Klein. The income was to be paid to her, and to her only, and of necessity this must be during her life. As we have suggested, while the direct purpose of the trust was to provide for the use and benefit of Mrs. Klein's children until they were able to provide for themselves, an indirect purpose also appears, namely, to relieve Mrs. Klein from that burden and responsibility. If this were all that the will said on the subject, the trust could not therefore survive the period when this responsibility ceased. Again quoting from Judge Finch's opinion in the Crooke Case, the trust "must be construed to run for the natural term, except as shortened by the stipulated term; or for the stipulated term, except as shortened by the natural term." That is, in the absence of any other provision in the will, the income of the estate would be paid to Mrs. Klein for her life, which was the stipulated term, unless during her life the natural term expired because all of her children for whose use and benefit the income was received by her should die, or during the lives of all of said children (the natural term) unless during their lives the stipulated term was reached by the death of Mrs. Klein.

So far the entire scheme of the will was within the life of Mrs. Klein. In the absence of further provisions, the principal of the estate must then be disposed of. But the testator fixed another period as the limit of the stipulated term. This second period might or might not be within the life of Pauline Klein. He provided that when Eveline, who was the youngest of the five children named by him, was 26 years of age (his language was "at the expiration of five years from the arriving at twenty-one years of age"), then the trust should terminate, and the entire residue of the estate should be paid to Mrs. Klein, if living, or, if not, to the "living heirs of her body." Here, again, the natural term, the lives of all five of the children, might be shortened by the expiration of this stipulated term, although in this instance the stipulated term could not be shortened since the life of Eveline was a part both of the natural and the stipulated term. But he realized that Eveline might not live to be 26 years of age, and so he added a further clause to the effect that the principal of the said estate should be paid over to Mrs. Klein if living, or if dead to the living heirs of her body "from her (Eveline's) death should she die before reaching that age." What age did he refer to? Manifestly five years after she arrived at 21, or when she was 26. When we consider that the primary purpose of his testamentary scheme was to provide for the children of Mrs. Klein until such time as they would in all

probability be no longer dependent upon her, and the secondary purpose was to relieve her from the burden of such support during that interval, and that it was then his purpose to give his entire estate which then remained to Mrs. Klein if living, it seems clear that the words "five years from" must be limited to the immediately succeeding words, "the arriving at twenty-one years of age," and not be carried over to qualify the succeeding clause, "from her death." If Eveline died at 25 years of age, there could be no purpose suggested why the trust should be longer continued, since, as she was the youngest of Mrs. Klein's children, it may be assumed that the others were already in a position where they were not dependent upon the proceeds of the trust for their support and maintenance. No reason can be suggested why, if Eveline died at 25, the trust should be continued for four years longer than if she had lived to be 26. It is true that Eveline might die the year after the testator, instead of at 25, and that the trust term, so far as it was measured by this clause of the will, would be greatly diminished; but this uncertainty always attaches to the duration of a trust term limited upon lives.

We may assume that the testator framed his will with knowledge of the provisions of the law, limiting his power of testamentary disposition, and, since this construction of the will will establish rather than destroy its validity, if possible we must follow it. It may be urged that a more apt form of expression to sustain this construction would have been "at her death," rather than "from her death." Even so, if we are sure that we know the testator's intention, the court will change a word when it appears from the context of the will that the word was incorrectly employed by the testator in place of some other word. Theobald's Law of Wills (5th Ed.) 661; Schouler on Wills, § 477; 1 Jarman on Wills (6th Ed.) 469; Smart v. Clark, 3 Russ. 365; Du Bois v. Ray, 35 N. Y. 162.

If this be the correct view of testator's intention, then the construction here advised produces this result: The stipulated term of the duration of the trust cannot be extended beyond the lives of Mrs. Klein and Eveline. This may be shortened, first, by the death of all the children during her life, or in part by the death or arrival of each of the children at 21 years of age during her life, when portions of the principal of the said estate were to be paid either to the children or to Mrs. Klein and the trust as to such portion terminate, or by the death of Eveline or her arrival at 26 years of age either before or after the death of her mother. In no event can the stipulated term of the trust extend beyond the life of Pauline Klein and her daughter Eveline.

The judgment appealed from should be reversed, and, as the action cannot be maintained, the complaint should be dismissed, with costs. All concur.