In the Matter of the Estate of CAROLINE SEXTON SMITH, Deceased.

Surrogate's Court, Chenango County, January 25, 1934.

*Minnie L. Seeley*, for the executors.

*George P. Pudney*, for Amelia Sexton.

*Joseph M. Forsythe*, special guardian for Ruth Ellen Burdick.

BROWN, S. This proceeding is brought for the judicial settlement of the accounts of the executors of the estate of Caroline Sexton Smith, deceased. A petition has been filed by Amelia Sexton, one of the legatees mentioned in the will, asking for the construction of certain provisions in the will.

The testatrix died on the 24th day of July, 1932. She left, as her heirs at law and distributees, two brothers, Walter H. Sexton, one of the executors, and Horace R. Sexton. Horace R. Sexton subsequently died, leaving a widow, Amelia Sexton, and said Walter H. Sexton as his only heir at law. The testatrix, in disposing of her property by will, created a trust estate to consist of one-third of her " moneys and securities "· and directed that the income from such trust funds be paid to two brothers of her deceased husband during their lives and the life of the survivor and, upon the death of the survivor, the fund remaining passes to nephews and nieces of one of the brothers. After certain other bequests, she created a trust fund of the remainder of her property. The portion of the will material here reads as follows:

" *Seventh.* I hereby give and bequeath all the rest, residue and remainder of my property, of every name and nature, to my brother Walter H. Sexton and Minnie L. Seeley, Attorney at Law, of the City of Norwich, New York, in trust, nevertheless, for the following uses and purposes: To sell such household furniture and furnishings of every kind as are not disposed of by this Will or by the memorandum above referred to, to consolidate the proceeds thereof, together with all the other moneys and securities left by me, in a trust fund and to invest, re-invest and keep invested the principal of said trust fund and pay over the interest and income arising therefrom quarterly, in equal shares, to my brothers, Horace R. Sexton and Walter H. Sexton, during their natural lives and the life of the survivor of them.

" In the event that the said Walter H. Sexton shall die prior to the death of the said Horace R. Sexton, I hereby direct that the said Minnie L. Seeley shall continue to execute said trust in the same manner as if the same were being executed by her and the said Walter H. Sexton, for the benefit of the said Horace R. Sexton.

" I hereby authorize my executors, or the survivor of them, to

sell any of the securities owned by me at my death for the purpose of administering my estate.

" It is my wish and I hereby direct that my said trustees, or the survivor of them, use and expend so much of the principal of said trust fund for the benefit of my said brothers, or for the benefit of the wife of my brother, Horace R. Sexton, as may be necessary for the comfortable support, care and maintenance of my said brothers or of the wife of the said Horace R. Sexton, said principal to be used and expended by my said trustees, or the survivor of them, upon the personal request of my said brothers or of the survivor of them.

" If, upon the death of my said brothers, any of my property and estate remains unexpended then, and in that event, I give and bequeath the unexpended remainder of every name and nature, to the following named persons and organizations in the amounts hereinafter specified and upon the terms and conditions set forth, namely: "

Then follow the names of certain remaindermen and the amount each is to receive. The account filed in this proceeding shows the value of the estate to be distributed to be approximately $30,000.

The widow of Horace R. Sexton contends that she is entitled to support and maintenance from the trust fund provided for in the seventh subdivision of the will. The special guardian for Ruth Ellen Burdick, who is one of the beneficiaries to share in the remainder of the trust fund following the termination thereof, contends that the provisions of subdivision 7 of the will offends against the rule of perpetuities and further that the provision for the widow of Horace R. Sexton at best establishes a precatory trust and is unenforcible in her behalf.

The principal concern here is to ascertain the intention of the testatrix; this is the paramount question. Certain rules have been announced for guidance in the interpretation to be placed upon wills which are of doubtful meaning or ambiguous. All rules must yield to the intention in the mind of the testatrix, if such can be determined from the language of the will. (*Matter of Hughes*, 225 App. Div. 29; *Matter of Buttner*, 243 N. Y. 1; *Matter of Rooker*, 248 id. 361; *Callahan* v. *Volke*, 220 App. Div. 379; *Phillips* v. *Davies*, 92 N. Y. 199.) When the meaning as expressed in the language of the will is doubtful, and there is present in the mind of the court an uncertainty as to the intention of a testatrix as gathered from the phraseology of the will, it may resort to the established rules applicable in such cases.

In the present case the testatrix first directs that the residue

of her estate be held in trust and the income therefrom paid to her brothers in equal shares during their lives and the life of the survivor. Apparently the testatrix had in mind that the income from the trust fund might be insufficient to furnish the comfortable support and maintenance she desired her brothers and the wife of Horace R. Sexton to enjoy, and provided that the trustees and the survivor " use and expend so much of the principal of said trust fund " for the benefit of the two brothers and the wife of Horace R. Sexton as might be necessary for their comfortable support, care and maintenance. This direction is followed with the provision that, upon the death of the two brothers, whatever remained unexpended should be distributed among certain named legatees.

The duration or term of the trust created in subdivision seventh of the will is measured by two lives in being; that is, the brothers, Walter H. Sexton and Horace R. Sexton. It expressly provides that the income shall be paid " to my brothers, Horace R. Sexton and Walter H. Sexton, during their natural lives and the life of the survivor of them," and further directs that, in case of the death of Walter H. Sexton prior to the death of the brother Horace, the surviving trustee shall act as sole trustee for the benefit of the brother Horace. In ascertaining the intent of the testatrix we must read the fourth clause of subdivision seventh of the will in connection with the first clause thereof, creating the trust estate. The fourth clause in no way works any change in the trust fund or the administration thereof, except providing for the depletion of the principal of the trust as may be necessary for the " comfortable support, care and maintenance " of the two brothers or Amelia Sexton, the wife of Horace R. Sexton. This provision does not extend the life of the trust; the term is still measured by the lives of the two brothers and the survivor. This is clearly indicated by the following clause, which directs that, " upon the death of my said brothers," the unexpended portion of the trust fund shall be distributed among certain legatees. The trust is to continue during the lives of two persons in being at the time of the death of the testatrix, those persons being her brothers. There is nothing in the will to indicate it was her intention to continue the trust for the benefit of the widow beyond the life of the survivor of the two brothers. (*Bird* v. *Pickford*, 141 N. Y. 18.)

The trustees are directed to use and expend so much of the principal of the trust fund for the benefit of the two brothers " or for the benefit of the wife " of Horace as may be necessary for their support and maintenance. In this direction, the testatrix showed a concern for the care and support of the wife of the brother Horace,

as well as the two brothers. It is to be inferred that she knew something of the financial condition of Horace and wanted to provide not only for his comfort and maintenence but also for the comfort and maintenance of his wife, at least during the lifetime of the two brothers. The use of the word " or " instead of " and " does not, to my mind, disclose any other purpose in the mind of the testatrix. To carry out the apparent intention of the textatrix, the court may substitute the word " and " for the word " or." ( *Kahn* v. *Tierney*, 135 App. Div. 897; *Matter of Hinchman*, 141 id. 95; *Eidt* v. *Eidt*, 203 N. Y. 325; *Roome* v. *Phillips*, 24 id. 463.)

Certainly the testatrix would not have included Amelia Sexton as one of the objects of her bounty had it not have been her desire that she would benefit by the provisions as directed in her will. To hold that she is not entitled to any benefit under the will certainly would thwart the clear intention of the decedent.

Not only did the testatrix express the wish that the brothers and wife of Horace R. Sexton should have comfortable support, care and maintenance from the principal of her estate, if it became necessary, but followed up the expression of such wish by a direction that the same be carried out. The words " I hereby direct " are equivalent to a command. A problem not so easy of solution might have been presented if the testatrix had merely expressed a wish that the wife of her brother Horace be provided for from the principal of the trust fund, but the words she used remove any question that the use of precatory words might raise, for she gave an express direction in connection with the execution of the trust in so far as the use of principal by the trustees is involved.

The direction that the trustees use and expend from the principal of the fund for the benefit of her brothers " or for the benefit of the wife of my brother, Horace R. Sexton," suggests the thought that the testatrix may have had in mind that, upon the death of her brother, Horace R. Sexton, his wife would be left alone and without sufficient funds from his estate to enable her to live comfortably and have proper and sufficient maintenance. She evidently wanted to provide for such a condition if it arose. Very naturally she would have expected that, during the lifetime of Horace R. Sexton, any request he might make that the trustees invade the principal of the fund would be for the benefit of himself and his wife. Apparently she had in mind, viewing the uncertainties of life, that Amelia Sexton might survive her brother Horace and she wanted to insure her support, comfort and maintenance during the remainder of the term of the trust, at least, which terminates at the death of the survivor of the two brothers.

By the terms of the will, the extent to which the principal is to be used for the purpose of " comfort, support and maintenance " is measured by the amount that may be " necessary " for such purpose. That necessarily depends on the condition in life and circumstances of Amelia Sexton, the state of her health and her physical needs. (*Holden* v. *Strong*, 116 N. Y. 471; *Matter of Burr*, 83 Misc. 240; *Clark* v. *Clark*, 23 id. 272, 287; *Johnson* v. *Cornwall*, 26 Hun, 500.)

I have not overlooked the fact that the will directs that the amount of principal expended shall be " upon the personal request of my said brothers or of the survivor of them." I assume that the surviving brother will be in favor of carrying out the intentions of the testatrix as expressed in the will and herein construed, and it should not be difficult to arrive at some reasonable amount to be expended for the comfort, support and maintenance of the widow of the deceased brother, as her circumstances may necessarily require. Unless the parties can agree upon the form and terms of a decree to be entered, the same may be settled upon notice. ·