In the Matter of the Accounting of CYRUS S. JULLIEN et al., as Executors of ELLA C. O'FLYN, Deceased.

Surrogate's Court, Kings County, July 22, 1949.

*Wingate & Cullen* for executors, petitioners.

*H. Starr Giddings* for Edith Peakes, respondent.

*Isaac J. Quesenberry* for National City Bank of New York, as trustee under the will of Ella C. O'Flyn, deceased, respondent.

*Charles Hollender* for E. Monroe O'Flyn, as general guardian of Keryn O'Flyn, respondent.

*James S. Brown, Jr.,* for Katherine L. Schoerner, respondent.

*Victor J. Matthews,* special guardian for Edward H. Schoerner and others, respondents.

McGAREY, S. The petitioners ask the court to construe testatrix' will and determine the validity of the trust provided for in paragraph " Fourth " and the persons entitled to the income and the nature and extent of the interests of the persons therein named as to income and principal.

Testatrix died August 7, 1943, in California, which was her domicile, where she had resided and where her will was probated. Thereafter, her will was probated in this county, in which a parcel of real property of which she died seized is situate, and which is the subject matter of the trust provision in question.

Paragraph " Fourth " of testatrix' will devises such real property, in trust, to pay from the net income therefrom $200 per month to a named friend and the balance of such income, in equal shares to three named individuals, or their issue, or, in default of issue, to augment the shares of the other designated beneficiaries. The trust terminates on the death of the named friend and directs the division of the trust estate into as many equal shares as there may be survivors of the secondary income beneficiaries, or the issue of any of the three who may have died. Distribution is directed to be made to the issue according to the principle of representation.

The validity of the trust is questioned, first by reason of the provision of the third unnumbered and unlettered subdivision of paragraph " Fourth," which directs the division of the trust estate, on the death of the named friend, into equal shares with " one (1) share for the living lawful issue of each of said named beneficiaries who may have predeceased such event " and secondly, by reason of the provisions of the final unnumbered and unlettered subdivision of such paragraph, which reads as follows : " Upon the death of the last surviving of the said Edith Peakes, Karen O'Flyn, Edward Howard Schoerner and David Christian Schoerner, the trust shall terminate and the trust estate shall go and be distributed and I hereby give, devise and bequeath the same, to the persons then receiving payments of income thereunder, and in the same proportions in which they share in such income."

The court construes paragraph " Fourth " of the will as creating a valid primary trust measured by the life of testatrix' named friend. The first $200 of the net income therefrom is payable to such friend and the balance, in equal shares, among the three other named individuals or their issue, on the principle of representation. No invalidity arises by reason of the fact that portions of the income may be payable, from time to time, to persons not in being at the death of testatrix. (*Ripley* v. *Guaranty Trust Co.,* 165 App. Div. 481; *Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Phelps' Executor* v. *Pond,* 23 N. Y. 69; *Manice* v. *Manice,* 43 N. Y. 303; *Kahn* v. *Tierney,* 135 App. Div. 897, affd. 201 N. Y. 516; *Underwood* v. *Curtis,* 127 N. Y. 523;

*Bird* v. *Pickford,* 141 N. Y. 18.) Should any of the last three named die without issue prior to the termination of the trust such share of the income " shall go to augment proportionately the shares of the others of said named beneficiaries ".

Upon the termination of the trust the corpus is to be divided into as many equal shares as will represent the survivors of the other three named individuals, and the issue of any of them, who may then be deceased. It is apparent that testatrix intended and the court determines that trusts were to be erected of such separate shares insofar as such shares may represent those of the three named beneficiaries as may then be living. The trusts provided are valid. Each is to continue during the lifetime and the income thereof payable to the person for whom it is created. In the event all three of the named persons should survive testatrix' friend, whose life measures the primary trust, three separate trusts, each of an equal share of the corpus of the primary trust, are to be erected, one for each of such three named persons, to continue during the life of the person for whom it is created with the income thereof payable to such person.

The death of any of such three persons, after the death of testatrix' friend, may give rise to a possible invalidity of the disposition of the income of such trust and of the remainder thereof, since under some circumstances the will provides for a continuance of the trust for one or two or more lives in being at the date of death of testatrix. Because of the several alternative provisions for disposition of the income and remainders on the death of the person for whose benefit such secondary trust is directed to be carved out of the corpus of the primary trust, some of which may be valid and others invalid, depending on the facts at the termination of such trust, the court will defer determination of the disposition thereof until necessity therefor arises. The court would be speculating on events, which might possibly occur in the future, and to cover each possible contingency which might possibly arise under the terms of the will would necessitate a more voluminous and extended opinion than is now required. The Court of Appeals has in a number of decisions expressly stated that the court should not concern itself with the disposition of remainder gifts based upon alternative contingencies, which have not occurred stating that the court should not deal with abstract and academic questions. (*Matter of Mount,* 185 N. Y. 162; *Matter of Trevor,* 239 N. Y. 6; *Matter of Gallien,* 247 N. Y. 195.)

There is one further question, which the court believes should be determined at this time, that is, the disposition of the share set aside for the issue of any of the three named individuals, who may die prior to the termination of the primary trust, leaving such issue surviving. The share of such issue is disposed of under the fourth paragraph of subdivision D of paragraph " Fourth " of the will and the court determines that under the provisions thereof testatrix intended an outright distribution of such share among the issue of such deceased, per stirpes. She undoubtedly realized that in the event of the death of any of the three named individuals prior to the time for erection of the secondary trusts, leaving issue, the share could not be continued in trust because of the possibility that such trust or portion thereof might be based on the life of a person not in being at her death, which would be invalid (Real Property Law, § 42). For that reason, she provided for outright disposition of such share or interest to avoid a possible invalidity.

The dominant purpose and intention of testatrix as described by the will was to provide for her friend, and the other three-named individuals during their respective lives and the court must strive to sustain the wishes of the testatrix, if that can be done without doing violence to the general testamentary plan. The court must try to preserve such plan and if possible separate the valid from the invalid provisions keeping in mind its duty to construe the will and not make a new one for the testatrix (*Matter of Silsby,* 229 N. Y. 396; *Matter of Hitchcock,* 222 N. Y. 57; *Carrier* v. *Carrier,* 226 N. Y. 114; *Matter of Horner,* 237 N. Y. 489; *Matter of Gallien,* 247 N. Y. 195, *supra*; *Matter of Trevor,* 239 N. Y. 6, *supra*; *Matter of Lyons,* 271 N. Y. 204.) Here it is possible to validate testatrix' intention and to, at least, preserve her primary intention and her general testamentary plan. It is unnecessary to use the desperate remedy of excision or to expunge any portion of the will since it is clear and the language of the will expresses that testatrix' intention was to create primary and secondary trusts, which, as hereinbefore set forth, are valid. The disposition of the corpus of the secondary trusts was entirely subordinate to the principal purpose providing income, during their respective lives, for the four named beneficiaries. Whether the disposition of the remainders is valid is not presently of importance and the determination thereof may be deferred until the necessity therefor arises in the future.

Submit decree, on notice, accordingly.