Samuel Faile, S.
This independent proceeding for a construction involves the validity of certain trusts created by paragraphs “ 10 ” through “ 18 ” inclusive, of the will of testator.
Testator died on February 25, 1953 leaving a last will dated May 27,1949 which was admitted to probate by a decree of this court April 2, 1953. Surviving him, among- others, were his brother, Austin, and his three children, ages 20,18, and 16, and a sister, Alva, and her four children, ages 25, 23, 22 and 20, the persons named as trust beneficiaries.
The will contains provisions for certain residuary trusts. Those for the benefit of testator’s brother, Austin, and his three children are contained in paragraphs “ 11 ” through “ 14 ” inclusive, by the terms of which the trustee is authorized to apply specified amounts from income, and principal, if necessary, for each of the three nephews while they attend college, the amount being dependent upon whether the beneficiaries live at home or live elsewhere during their attendance at school. Should any fund become exhausted, or the beneficiary thereof reach 22 years of age, such payments cease, unless the beneficiary shall pursue graduate work, in which event, payments are directed to continue until such beneficiary shall reach the age of 25 years. If any beneficiary dies before reaching 22 years of age, any unexpended amount is directed to be added to the fund for the benefit of the surviving beneficiaries.
*596 Decedent’s brother, Austin, is named as the secondary beneficiary of each trust in the event that the primary beneficiary thereof reaches the age of 22 years without having entered or become qualified for entrance to a school of professional or graduate standing, or having qualified is disqualified from further attendance, or reaches 25 years of age, or sooner dies after attaining the age of 22 years. The will provides that no payments are to be made to Austin except to provide ‘ ‘ absolute living necessaries ” for him and the dependent members of his family living with him. Upon the death of the wife of Austin, and upon the youngest beneficiary reaching the age of 22 years, each trust is to terminate and the corpus thereof is payable to Austin. In the event Austin should predecease his wife, each trust terminates as each beneficiary reaches the age of 25 years, or sooner dies. If subsequent to the death of Austin any beneficiary should die before attaining the age of 25 years, provision is made for a division of the fund set aside for said beneficiary, equally among the trusts for the surviving beneficiaries.
With respect to the trusts for the benefit of testator’s sister, and her four children, provided for by paragraphs “ 15 ” through “ 18 ” inclusive, their terms are identical in form to those in the preceding four paragraphs with the exception of the measuring period. The trusts for the children of the sister terminate when her youngest child, living at the death of testator, reaches 22 years, at which time the fund becomes payable to testator’s sister, Alva, if living. Should Alva die before the youngest child attains the age of 22 years, then the trusts continue until the youngest child reaches 25 years, when the corpus of each trust is distributable to the surviving children equally.
In a construction proceeding the court must first endeavor to ascertain the intention of testator from the language of the will; and then carry out such intention if legally permissible. (Matter of Sliter, 286 N. Y. 117; Matter of Buechner, 226 N. Y. 440; Matter of New Rochelle Trust Co., 50 N. Y. S. 2d 602.)
The court must presume that the will was drawn with knowledge of the applicable provisions of the law. (Kahn v. Tierney, 135 App. Div. 897, affd. 201 N. Y. 516.) And where the will is capable of more than one construction, a construction which is valid will be preferred to that which is invalid. (Matter of Gallien, 247 N. Y. 195; Greene v. Greene, 125 N. Y. 506; Matter of Carmody, 300 N. Y. S. 1299.)
The apparent primary intention of testator was to provide financial assistance for the children of his brother and of his sister during their attendance at college and graduate school. *597 Paragraph “ 11 ” of the will reads in part as follows: “ The one-half portion set aside for the benefit of my brother Austin and his children, I desire to be divided into equal funds or shares in such number as those of his children, namely William, ¡Robert and Paul, as survive me, and each such part to be held in trust ’ ’. (Emphasis added.)
Similar language is contained in paragraph “ 15 ” of the will with respect to the purported trusts for his sister and her four children. Clearly testator created separate primary trusts for the benefit of each niece and nephew. Specified amounts were directed to be paid annually by the trustees to the respective beneficiaries, providing they were pursuing studies in college until the fund became exhausted, or until such beneficiaries reached the age of 22 years. The will expressly charges principal as well as income with the amounts payable annually for the benefit of the children of testator’s brother and sister, even to the extent of the exhaustion of principal.
Each primary trust for Austin’s children is measured by the life of the wife of Austin and his youngest child attaining the age of 22 years, or sooner dies, subject to an earlier termination as each child attains the age of 25 years, if Austin predeceases his wife. The measuring period of each primary trust may also be foreshortened should its beneficiary attain the age of 22 years without qualifying for further graduate work, attain the age of 25 years, or sooner dies.
To determine whether the trusts created by testator for the benefit of Austin and his children are valid, it is necessary to examine all of the provisions of the will relating thereto, including paragraph “ 13 ” thereof, which is hereinafter quoted: “ 13. Subsequent to my brother’s death, should any of the said beneficiaries (brother’s sons) die before reaching age 25, then the fund set aside for such deceased beneficiary shall be divided equally and added to the funds of the surviving beneficiaries (brother’s sons) to become the sole property of each such surviving beneficiary upon reaching age 25.”
Trusts to continue until someone reaches a certain age are considered as though the term provided that the trusts were to continue until the person, upon whose life they are limited, attains the given age, or sooner dies (Matter of Bahrenburg, 130 Misc. 196, affd. 214 App. Div. 792, affd. 244 N. Y. 561; Matter of Lally, 136 App. Div. 781, affd. 198 N. Y. 608.) The fact that a possible measuring life is that of a person, not a trust beneficiary, does not affect the legality of the trust. (Bailey v. Bailey, 97 N. Y. 460; Schermerhorn v. Cotting, 131 N. Y. 48.) Suspension of the absolute ownership of property according to the *598 decisions of this State may he accomplished in either one of two ways: (1) by the creation of a trust which vests the estate in trustees; (2) by the creation of a future estate, vesting upon the occurrence of some contingent event. (Smith v. Edwards, 88 N. Y. 92; Steinway v. Steinway, 163 N. Y. 183; Wilber v. Wilber, 165 N. Y. 451.) In ascertaining the validity of the trust provisions, the court must determine what might have happened under its terms rather than what actually has happened since testator’s death. (Schettler v. Smith, 41 N. Y. 328; Matter of Wilcox, 194 N. Y. 288.) By reason of the limitation over in paragraph “ 13 ” of the will, there is a possibility that the absolute power of alienation would be suspended beyond the period of two lives in being permitted by section 42 of the Beal Property Law and section 11 of the Personal Property Law. Prior to the termination of any trust, should Austin predecease his wife and his two youngest children die thereafter before his oldest child shall have attained the age of 25 years, it is possible for the share of the child dying first to remain in trust for a period of more than two lives in being. Clearly such a provision is violative of the Buie against Perpetuities. (Matter of Chapman, 169 Misc. 1035; Matter of Reckford, 46 N. Y. S. 2d 894; Matter of Caplin, 98 N. Y. S. 2d 800; Matter of Gohr, 112 N. Y. S. 2d 236.)
There remains for consideration whether the primary trusts can be saved by judicial surgery. When several parts of a will are so interdependent that the bad cannot be separated from the good, the entire provision must fail, but where possible the invalid portions will be excised so as to leave intact the valid portions and preserve the general plan of the testator. (Smith v. Chesebrough, 176 N. Y. 317; Matter of Hitchcock, 222 IT. Y. 57.) However, the invalid portions of a trust can be excised only when their function is separate and their importance is subordinate. (Looram v. Looram, 269 N. Y. 296.) A consideration of the testamentary scheme with respect to the trusts for his nephews reveals that the dominant intent of testator was to provide financial assistance for his nephews, especially for their higher education. Of subordinate importance was the limitation over set forth in paragraph “ 13 ” of the will which provided for distribution of the trust proceeds in the event that testator’s brother predeceased his wife. To permit the illegal alternative disposition to invalidate the primary purpose would violate the dominant intention of testator. Consequently the court will excise the invalid portions so as to give effect to the dominant intent of testator. Although the provision for a limitation over is invalid, it does not necessarily invalidate the portions which are valid. *599 (Schettler v. Smith, 41 N. Y. 328, supra; Matter of Mount, 185 N. Y. 162; Matter of Colegrove, 221 N. Y. 455.)
It is presently unnecessary to determine the effect of alternative dispositions under future contingencies which may not occur. The court will not deal in academic or abstract questions. (Matter of Mount, supra; Matter of Trevor, 239 N. Y. 66; Matter of Gallien, supra; Matter of O’Flyn, 196 Misc. 193.) The court examines the will in the light of what has happened not so much to determine the validity of its provisions, but to ascertain what can be accomplished by separating the good from the bad, (Matter of Trevor, supra.)
The court, therefore, construes the primary trusts created for the benefit of Austin’s children to be valid to be measured by the life of Austin’s wife, and the attainment of the age of 22 years of Paul K. Smith, the youngest son of Austin, or his death prior thereto, said measuring period subject to being shortened as described herein.
In the case of the trusts for decedent’s sister and her children, the measuring period is the attainment by her youngest child of the age of 22 years, or should such sister sooner die, then the attainment by her youngest child of 25 years of age.
As the longest possible measuring period for each of the trusts created for the children of Alva was for one life, namely the life of her youngest child, each of such trusts will terminate within the permitted statutory period. Accordingly, therefore, the court holds that the trusts created by the provisions of paragraphs “ 15 ” through “ 18 ” of the will for the benefit of testator’s sister and her children to be valid.
As there is no express direction to be found in the will for payment of any income in excess of the specific amounts provided therein for the education of the nephews and nieces, there is an implied direction to accumulate the same. (Cochrane v. Schell, 140 N. Y. 516; Gilman v. Reddington, 24 N. Y. 9; Matter of Fritts, 19 Misc. 402.) To translate the failure of testator to make specific disposition of all of the trust income, as requiring the excess income to be held in the trust principal account, would constitute accumulation of income for a period greater than a minority, and, therefore, void. (Personal Property Law, § 16; Real Property Law, § 61; Matter of McKenna, 173 Misc. 579; St. John v. Andrews Inst. for Girls, 19 N. Y. 254.)
Actually, however, the problem will not arise unless the income of the trust exceeds the specific amounts directed to be paid to the beneficiaries. In view of the size of the trusts, such an occurrence is improbable and has not occurred. Consequently the *600 court need not determine at this time the manner in which the excess income, if any, be distributed. (Matter of Mount, supra.) Suffice to say that the primary trusts are not rendered void by reason of the possible invalid accumulation. (Morris v. Morris, 272 N. Y. 110; Matter of United States Trust Co. of New York, 53 N. Y. S. 2d 262.) To hold otherwise would defeat the dominant intent of the testator.
Settle decree.